1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS ANTHONY RUGGIERO,

      Plaintiff,                      No. CIV. S-09-0823 MCE EFB PS

      vs.

DIRECTOR/CHIEF IN CHARGE
OF VOLUNTEERS OF AMERICA ,
et al.,

<u>ORDER</u>

      Defendants.
_____/

      This matter is referred to the undersigned in accordance with E. D. Cal. L. R. ("Local Rule") 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

      Plaintiff, proceeding in this action *pro se*, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request will be granted.

      However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or because the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (Fed. R. Civ. P. 12(b)(6)). The complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (emphasis deleted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1949 (May 18, 2009), quoting *Bell Atlantic, supra*, 550 U.S. at 570.

Although the court must liberally construe the pleadings of a *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (*en banc*), the court's construction may not supply essential elements of a claim that are not otherwise plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). On the other hand, unless it is clear that no amendment can cure the defects of a *pro se* complaint, the plaintiff is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (*en banc*); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A *pro se*

complaint, like all complaints, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, specifically, it must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . ."

The instant complaint, which challenges plaintiff's treatment at the Volunteers of America Cal Expo Emergency Shelter ("Emergency Shelter"), and his inability to obtain admittance at the A Street Disabled Shelter ("Disabled Shelter"), does not appear to state a federal claim. The complaint alleges that plaintiff was "accepted" into the Disabled Shelter on November 15, 2008; however, on February 8, 2009, Mr. Nato, supervisor of the Emergency Shelter, refused plaintiff's request to be placed at the Disabled Shelter; that on February 12, 2009, while at the Emergency Shelter, plaintiff was threatened and disturbed by other residents, and on February 13, 2009, plaintiff's wallet and new batteries were stolen; that on February 16, 2009, Mr. Nato agreed that plaintiff could move to the Disabled Shelter, but later that day, Mr. Nato's staff informed plaintiff that he had been kicked out of the Emergency Shelter (and, apparently, denied admittance to the Disabled Shelter). The complaint, which includes an errant page of unidentified text recounting the early Islamic movement, concludes: "In the name of God!  I plaintiff Ruggiero have glaucoma, might, could go blind, had serious head injury, burns, cuts, need new legs and kneecaps all that Mr. Nato and Mr. Angello Director of A Street Disabled Shelter knew." The complaint seeks the following relief:  "(1) Resignation of Supervisor Mr. Nato . . . [and] of Mr. Angello . . ., (2) [$170,000] per day since offense [], (3) One million dollars $1,000,000 in mental and physical damages, (4) and . . . any other damage's that are deemed within the law."

As framed, the complaint fails to support this court's jurisdiction.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, Title 28, sections 1331 and 1332, confer "federal question" and

"diversity" jurisdiction, respectively. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the Constitution, or (3) be authorized by a jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Absent federal jurisdiction premised on one of these bases, this court is without jurisdiction to consider plaintiff's claims.

Despite the deficiencies of plaintiff's initial complaint, the court will grant plaintiff leave to file an amended complaint that clearly identifies the basis of this court's jurisdiction, and conforms with the requirements of Fed. R. Civ. P. 8(a). The amended complaint must bear the docket number assigned this case and be labeled "Amended Complaint;" it shall identify each defendant in both the caption and the body of the complaint, and clearly set forth the allegations against each defendant. The amended complaint must be complete in itself, without reference to prior pleadings or other filings to date, which will no longer serve any function in this case. *See* Local Rule 15-220; *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

The court cautions plaintiff that failure to state a federally cognizable claim in his Amended Complaint will result in a recommendation that this case be dismissed for lack of jurisdiction. Plaintiff is further admonished that, although he proceeds in *pro se*, he is obligated to comply with the orders of this court, as well as the federal and local rules of procedure. *See* Local Rule 83-183 (failure of persons proceeding in *pro se* to comply with the Federal and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction); Local Rule 11-110 (failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); Fed. R. Civ. P. 41(b) (authorizing dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . .").

////

Finally, plaintiff seeks appointment of counsel. "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). However, the court may appoint counsel under section 1915(d) only under "exceptional circumstances." *Id*. at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id*. (citations and internal quotations omitted); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Absent a finding that plaintiff properly proceeds in this court, it is premature to consider plaintiff's request for appointment of counsel. Accordingly, plaintiff's request is denied without prejudice. Should the court later find that plaintiff's claims are properly before this court, plaintiff may renew his request for appointment of counsel upon proper motion.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's request for appointment of counsel, Dckt. No. 3, is denied without prejudice.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Plaintiff is granted leave to file an amended complaint, in conformance with the requirements set forth herein, within thirty days after the filing date of this order. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed for lack of jurisdiction.

SO ORDERED.

DATED: August 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE